BOUTALL, Judge,
dissenting.
Although I differ in some degree and in some small details as to the statement of facts contained in the main body of the majority opinion, I quite agree with the analysis of the nature of the issue presented to us, to-wit: That the plaintiffs claim is not based solely on racial prejudice nor is there an unconstitutional award because of prejudice, etc. Additionally, I agree with the resolution of the question that Boucher’s disability foreclosed a sufficiently broad spectrum of her otherwise available employment opportunity to form a basis of award. However, I disagree that she has not carried the burden of proof with respect to her alleged disability.
I point out that on three different occasions, this teacher was attacked by a parent of a child who was attending Boucher’s school, but not a member of Boucher’s class. The last attack occurred on September 9, 1975, shortly after school opened when Mrs. Zemenia Barbino assaulted Mrs. Boucher in a rather violent manner. Although there is a dispute in the evidence as to the violence of this attack, particularly between Mrs. Boucher and Wilma Bailey, a teacher’s aide, the trial judge could easily make a credibility determination favoring Mrs. Boucher’s version of the occurrence and this is supported by the fact that Mrs. Boucher sought medical treatment of her injuries, and the medical examination disclosed that she did indeed suffer physical injury as a result of that attack. However, it is not the physical condition of Mrs. Boucher that presents her disability, but her mental condition.
I am of the opinion that the trial judge in his reasons for judgment, correctly summarized the necessary facts and pertinent law in support of his judgment and the record supports him. He finds:
“The plaintiff’s emotional distress was obvious. She appeared tense in the extreme, and her doctors’ diagnosis was entirely confirmed by her demeanor on the stand.
“While it cannot be said that her emotional problem was entirely caused by her work-related stress, certainly the inci *1131 dents she experienced served to focus her anxiety on her employment to the extent that she is disabled from work in the public school system.”
The severity of the mental condition of Mrs. Boucher is explained in the medical testimony. The Psychiatrist who testified, Dr. Haynie, stated that it was his opinion that Mrs. Boucher is presently disabled with respect to performing her teaching duties in either an all black or racially integrated school setting, and she may remain so indefinitely. He thought that she was presently disabled even with respect to working in an all white school setting if the teachers are integrated. The doctor’s description of her condition goes beyond a mere neurosis and places her on the point of a psychosis. He states that she had reached a panic level of anxiety and has a paralyzing degree of fear to return to school. He points out that it is not her depression which is the controlling basis of his decision but that it is her anxiety state. I conclude that overall the doctor’s testimony presents a much more debilitating condition than the condition described in the majority opinion, and there is sufficient basis for the conclusion that the trial judge reached. I would affirm his judgment.